```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

PABLO BAUER,

                Plaintiff,

vs.                                    Case No. 2:08-cv-446-FtM-29DNF

DR. KRAMER, NURSE BOCCIO and NURSE
T. GILSON,

                Defendants.
_____

## **OPINION AND ORDER**

### **I.**

This matter comes before the Court upon review of Defendant Gilson's Motion to Dismiss (Doc. #41, Mot. Dismiss), filed December 15, 2008. Plaintiff has not filed a response to the motion and the time to do so has long expired. See docket. This matter is ripe for review.

Plaintiff, who is proceeding *pro se* and currently in the custody of the Florida Department of Corrections (hereinafter "DOC"), initiated this action by filing a Civil Rights Complaint (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 on May 30, 2008. On December 1, 2008, the Court entered an Order granting Plaintiff's motion to file an Amended Complaint (Doc. #38, Amended Complaint), which names Dr. Kramer and Nurses Boccio and Gilson as

Defendants in their official and individual capacities. Service of process remains uneffectuated on Defendants Boccio and Kramer.[1]

Liberally construing the Amended Complaint, Plaintiff alleges an Eighth and Fourteenth Amendment claim stemming from the Defendants' decision to forcefully medicate Plaintiff without his consent while he was incarcerated at Charlotte Correctional Institution. See generally Amended Complaint. In particular, the Amended Complaint alleges that Nurses Boccio and Gilson "influenced" Dr. Kramer to give Plaintiff a shot of "haldol."[2] Id. at 8, 9. On January 8, 2008, Plaintiff states that Defendant Boccio went to Plaintiff's cell and told him that he needed a shot of haldol; and, if he refused to take the medication, then a cell extraction team would forcefully remove him from the cell. Id. at 8. Plaintiff refused to leave the cell and later the extraction team came to Plaintiff's cell to restrain him as nurse Boccio gave him the shot of haldol. Id. Plaintiff was then prescribed haldol

---

[1] The Court notes that service of process of Plaintiff's Amended Complaint has not yet been effectuated on Defendants Boccio and Kramer. The service of process forms for the Defendants were returned marked "unexecuted" because they were "no longer with the Department of Corrections." See Doc. #23. Plaintiff is warned that Fed. R. Civ. P. 4(m) allows a Court to *sua sponte* dismiss a defendant when service of process is not effectuated within 120 days of initiating an action.

[2] "Haldol" is the brand name for the drug "Haloperidol." Haloperidol is an oral pill used to treat certain mental or mood disorders, such as, schizophrenia and Tourette's disorder. The medicine can help prevent suicide in people who are likely to harm themselves and reduce aggression. See www.wedmd.com. Apparently the drug comes in different versions.

by mouth, but Plaintiff refused to take the pill because "it wasn't working." Id. at 11. On January 17, 2008, Plaintiff alleges that Defendant Gilson "influenced" Dr. Kramer to forcefully give him another shot. The cell extraction team went to Plaintiff's cell again on that date. Id. After receiving the shot, Plaintiff states that he was "sick for two days throwing up," suffered from "involuntary muscle movement," "nerve spasms," "speech difficulty," and "lower back pain." Id. at 11. Plaintiff states that Dr. Kramer never spoke with him, prior to ordering the shot. Id. at 9. Plaintiff claims that he was neither trying to hurt himself, nor was he "out of control." Id. at 9, 11. Instead, Plaintiff argues that the "tranquilizer" shot was used in a "punitive manner." Id. at 10. As relief, Plaintiff requests compensatory and punitive damages, reimbursement for the costs related to the lawsuit, and any other relief the Court deems appropriate. Id. at 12.

**II.**

Defendant Gilson moves to dismiss the Amended Complaint, arguing that the Amended Complaint "contains no statement how exactly Teri Gilson is alleged to have influenced Dr. Kramer to give him a shot." Mot. Dismiss at 2. Defendant Gilson reviews the case law on deliberate indifferent to an inmate's serious medical needs and argues "the allegations of Plaintiff's Amended Complaint make it abundantly clear that [Plaintiff] received medical attention. Further, his difference of opinion with Dr. Kramer as to the proper regimen of medication which he should be prescribed,

and his statements that he did not believe it was working, constitute a mere disagreement between the inmate and the prison medical staff regarding medical matters." Id. Defendant Gilson argues that the Amended Complaint contains no allegation that Gilson "threatened Plaintiff or forced him to take the medication." Id. at 5. Defendant Gilson also argues that there is no *respondeat superior* liability under § 1983. Id.

### III.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, ____ U.S. _____, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating Conley v. Gibson, 355 U.S. 41 (1957) and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to

prove what an adequate complaint claims"). With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Secs., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**IV.**

Under the Due Process Clause of the Fourteenth Amendment, inmates have a significant liberty interest in the decision to refuse the administration of antipsychotic drugs, unless certain preconditions are met. See Washington v. Harper, 494 U.S. 210 (1990)(holding that state's forced-medication policy complied with both substantive and procedural due process); Leeks v. Cunningham, 997 F.2d 1330 (11th Cir. 1993)(holding that the defendants were

entitled to qualified immunity based on the fact that the incident involving forced-medication occurred in 1989 and Harper was decided in 1990). Additionally, "fair procedural mechanisms" must be in place in order to protect an inmate's interest in not being forcefully medicated without his consent. Harper, 494 U.S. at 231. Nevertheless, "the Due Process Clause permits the [s]tate to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's best medical interests." Id. at 227.

Defendant Gilson's motion is due to be granted. However, contrary to Defendant Gilson's reading of the Amended Complaint, Plaintiff is not advancing an Eighth Amendment deliberate indifference to a serious medical condition claim. Instead, the Amended Complaint articulates a Fourteenth Amendment claim stemming from the alleged forced medication and an Eighth Amendment cruel and unusual punishment claim. The Amended Complaint alleges that Plaintiff was forcefully medicated without his consent on two occasions, and he did not pose a threat to himself or others when the medication was administered. Nevertheless, the Amended Complaint contains few, if any, facts setting forth Defendant Gilson's involvement in the incidents *sub judice.* It is unclear whether Gilson was involved in the cell extractions and there are no allegations describing whether Gilson forcefully administered

the shot on Plaintiff. The Amended Complaint only alleges that Gilson "influenced" the doctor to give him a shot and this allegation is insufficient to withstand the heightened pleading standard at the motion to dismiss stage of the proceedings.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Gilson's Motion to Dismiss (Doc. #41) is **GRANTED**.

2. Plaintiff shall file a Second Amended Complaint on or before **May 7, 2009,** if Plaintiff wishes to pursue this action. The failure to do so, will result in dismissal of this action without further notice.

3. The Clerk of Court shall send Plaintiff a courtesy copy of the Civil Rights Complaint Form.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___14th___ day of April, 2009.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record