```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF FLORIDA
      FORT MYERS DIVISION
```

PABLO BAUER,

                Plaintiff,

vs.                        Case No. 2:08-cv-446-FtM-29DNF

DR. KRAMER, NURSE BOCCIO and T. GILSON,

                Defendants.
_____

**OPINION AND ORDER**

**I.**

This matter comes before the Court upon review of Defendant Gilson's Motion to Dismiss the Second Amended Complaint (Doc. #63; Mot. Dismiss), filed May 26, 2009, and Plaintiff's Response and Memorandum (Doc. #64, #65; Response) thereto. This matter is ripe for review.

**II.**

*Pro se* Plaintiff, who is currently in the custody of the Florida Department of Corrections, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983 on May 30, 2008. Plaintiff subsequently filed an Amended Complaint (Doc. #38) on December 1, 2008, to which the only served defendant, Defendant Gilson, filed a Motion to Dismiss.

On April 14, 2009, the Court entered an Order (Doc. #52, Order) granting Defendant Gilson's Motion to Dismiss the Amended Complaint and directing Plaintiff to file a Second Amended

Complaint if he wished to pursue this action. Specifically, the Court ruled that Plaintiff's only allegation that Defendant "Gilson 'influenced' the doctor to give him a shot [of anti-psychotic medicine]" was insufficient to withstand the heightened pleading standard at the motion to dismiss stage of the proceedings.

Plaintiff then filed a Second Amended Complaint (Doc. #57, hereinafter "Third Complaint") against the same Defendants: Doctor Kramer, Nurse Boccio, and Nurse Gilson. Third Complaint at 1. With regard to Defendant Gilson, Plaintiff again alleges that Gilson "influenced the doctor into ordering that Plaintiff be forced to take an unnecessary and unjustified shot." Id. at 10. Plaintiff contends that the shot of haldol was used against his will, thus "'this so called medical treatment' was 'so [sic] deviated from professional standards that it amounted to deliberate indifference.'" Id. Plaintiff submits that Defendant Gilson administered the shot, after the cell extraction team removed Plaintiff from his cell. Id. In Response, Defendant Gilson again moves to dismiss the action arguing that it was Doctor Kramer who was responsible for diagnosing, prescribing, and ordering that the nurses, including nurse Gilson, administer the anti-psychotic medicine to Plaintiff. Mot. Dismiss at 9. Based on this argument, *inter alia*, Defendant Gilson submits that the Court should dismiss Plaintiff's Third Complaint.

**III.**

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

As previously stated, under the Due Process Clause of the Fourteenth Amendment, inmates have a significant liberty interest in the decision to refuse the administration of anti-psychotic drugs, unless certain preconditions are met. See Washington v. Harper, 494 U.S. 210 (1990)(holding that state's forced-medication policy complied with both substantive and procedural due process); Leeks v. Cunningham, 997 F.2d 1330 (11th Cir. 1993)(holding that the defendants were entitled to qualified immunity based on the fact that the incident involving forced-medication occurred in 1989 and Harper was decided in 1990). Additionally, "fair procedural

mechanisms" must be in place in order to protect an inmate's interest in not being forcefully medicated without his consent. Harper, 494 U.S. at 231. Nevertheless, "the Due Process Clause permits the [s]tate to treat a prison inmate who has a serious mental illness with anti-psychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's best medical interests." Id. at 227.

The Third Complaint contains virtually the same allegations as the Amended Complaint with respect to Defendant Gilson's involvement in the administration of the haldol on Plaintiff on either date in question, January 8, 2008, or January 17, 2008. For the reasons discussed in the Court's April 14, 2009 Opinion and Order, Defendant Gilson's motion to dismiss is granted. See generally Order. Further, to the extent Plaintiff now clarifies in his Third Complaint that Defendant Gilson administered the shot on one occasion, Gilson was merely following the doctor's medical directives. Plaintiff even acknowledges that Defendant Doctor Kramer "was the one that order[ed] the unnecessary and unjustified shots on both occasions." Consequently, the Third Complaint is due to be dismissed as to Defendant Gilson.

**IV.**

Service of process remains uneffectuated on Defendants Doctor Kramer and Nurse Boccio. See docket. The Court cautioned Plaintiff in its April 14, 2009 Opinion and Order that service of process was not effected on Defendants Kramer and Boccio and it was

Plaintiff's responsibility to find new addresses for the U.S. Marshal to re-attempt service of process. See Order at 2. Plaintiff filed a "motion for leave to file amended complaint" (Doc. #61, Motion) on May 13, 2009. Defendant Gilson filed a response in opposition (Doc. #62, Response) to the filing of a Fourth Complaint.

In the instant motion, Plaintiff states that he wishes to file a Fourth Complaint "due to the service of process on Defendant Dr. Kramer and Nurse Boccio." Motion at 1. In opposition, Defendant Gilson points out that Plaintiff did not state any valid grounds in his motion supporting an opportunity to file a Fourth Complaint in this action. Response at 1.

Federal Rule of Civil Procedure 15(a)(1)(A) permits a party to amend a pleading once as a matter of law before the responsive pleading is served; or, permits a party to amend within twenty days after serving the pleading, if a responsive pleading is not allowed and the action is not yet on the trial calendar. Otherwise, Plaintiff only may amend his pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Here, Plaintiff has had many opportunities to file amended complaints and is currently proceeding on his Third Complaint. Plaintiff does not establish why justice would require a fourth opportunity to amend his complaint in this action. Thus, Plaintiff's motion is due to be denied.

**V.**

To the extent Plaintiff's motion can be construed as a motion for extension of time to execute service of process on Defendants Boccio and Kramer, the Court also denies the motion.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action against a defendant, *sua sponte*, if service is not effectuated within 120 days after the filing of the complaint. If a plaintiff fails to properly serve a defendant within 120 days, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists "when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007)(citation and alteration omitted). Even if a district court finds that a plaintiff fails to show good cause, "the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282; see also Henderson v. United States, 517 U.S. 654, 663 (1996) (recognizing that in the 1993 amendments to the rules, courts have been accorded the discretion to enlarge the 120-day period even in the absence of

showing good cause); <u>Rance v. Rocksolid Granite USA, Inc.</u>, 583 F.3d 1284 (11th Cir. 2009). Circumstances that may warrant granting an extension of time include whether the applicable statute of limitations would bar a future action or whether a defendant is evading service of process. <u>Lepone-Demsey</u>, 476 F.3d at 1282. The court is not required to extend service despite the existence of such circumstances. <u>Id.</u> Instead, the court must only consider whether any such factors exist before it exercises its discretion and either dismisses the case or directs that service be effected within a specified time. <u>Id.</u>

Upon review of the docket, the Court notes that Plaintiff was first directed to complete service of process forms for all Defendants on June 11, 2008. <u>See</u> docket. Plaintiff was mailed service of process forms at that time. Plaintiff returned the service forms to the Court; and, on June 22, 2008, the Court directed the United States Marshal to effect service on behalf of Plaintiff. Personal service of process was effected on Defendant Gilson on August 4, 2008. On that same date, the service forms were returned marked unexecuted on Defendants Boccio and Kramer. Plaintiff received notice that the addresses he provided for service of process on Defendants Boccio and Kramer were invalid.

Plaintiff then filed his Amended Complaint on December 1, 2008, but did not complete service of process forms for Defendants Boccio and Kramer to receive service of the Amended Complaint. More than 120 days ran and Defendants Boccio and Kramer did not

-7-

receive service of the Amended Complaint.  Plaintiff is now proceeding on his Third Complaint, filed May 11, 2009.  More than 120 days have expired since Plaintiff filed his Third  Complaint.

Plaintiff first filed a request for service on Defendants Gilson and Boccio on  April 17, 2009, after the Court granted Defendant Gilson's Motion to Dismiss.  Doc. #54 at 1. In that motion, Plaintiff stated he did not know how to serve Defendants Boccio and Kramer.  Id.  Plaintiff also stated that the Court did not provide him with service of process papers.  Id.

A review of the docket shows that Plaintiff did receive service of process forms.  Further to the extent Plaintiff required additional forms, he knew he could file a motion requesting such forms like he did when he requested a § 1983 form, indigent form, "motion to appoint counsel" form, and copies of other filed motions.  See Docs. #44, #53.  Despite several cautionary orders from the Court, Plaintiff not made any attempts to find new addresses for Defendants Boccio and Kramer.  Doc. #8 (providing directions to Plaintiff on completing service of process forms); Doc. #37  (notifying Plaintiff for the second time that Defendant Boccio had not been effected with service of process, informing him of Fed. R. Civ. P. 4(m), and cautioning him that he should take steps to assist the Court in effecting service of process); Doc. #51 (informing Plaintiff that he must find addresses for the unserved Defendants and file new service forms).

A review of the docket shows that no good cause exists to warrant granting any further extensions to serve Defendants Boccio and Kramer. Moreover, Plaintiff has made little or no attempt since August 4, 2008, to rectify the apparent service of process problems, or to attempt to find new addresses for Defendants Boccio and Kramer. The incidents Plaintiff complains of allegedly occurred on January 8 and January 17, 2008. The four year statute of limitations for filing § 1983 actions has not yet expired. The Court finds no other circumstances warranting an extension of the strictures of Fed. R. Civ. P. 4(m). Thus, Defendants Boccio and Kramer are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Defendant Gilson's Motion to Dismiss the Second Amended Complaint (Doc. #63) is **GRANTED** and the Third Complaint is dismissed against Defendant Gilson.

2. Plaintiff's "motion to amend/correct Amended Complaint" (Doc. #61) is **DENIED**. To the extent this motion is construed as a motion for an extension of time to effect service of process on Defendants Boccio and Kramer, the motion is also **DENIED**.

3. Defendants Boccio and Kramer are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

4. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __13th__ day of January, 2010.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record